**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

YANIRA ACOSTA CRUZ
c/o 519 H Street NW
Washington, DC 20001

MANUEL PEREZ SANCHEZ
c/o 519 H Street NW
Washington, DC 20001

ELFIDIO ZEPEDA BERNAL
c/o 519 H Street NW
Washington, DC 20001

SEBASTIAN ARIAS CANALES
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v.                                                                                          Civil Action No. _____

SMITH COMMONS DC, LLC
d/b/a SMITH COMMONS
1926 Benning Road NE
Washington, DC 20002

JEROME BAILEY
7103 Pomander Lane
Chevy Chase, MD 20815

    Defendants.

## COMPLAINT

1. Defendants employed Plaintiffs at their restaurant, Smith Commons. Defendants engaged in a number of unlawful pay practices with respect to Plaintiffs.

2. First: Defendants did not pay overtime. Second: at times, Defendants paid one of the Plaintiffs an hourly rate that was less than the District of Columbia's minimum wage. Third:

Defendants engaged in a practice of time-shaving, whereby they did not pay Plaintiffs for all the hours they worked. And fourth: Defendants did not provide Plaintiffs with legally-mandated pai safe and sick leave.

3.     Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and for Defendants' failure to provide safe and sick leave, pursuant to the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

4.     **Though Defendants admit that they owe $19,819.66 in minimum and overtime wages to Plaintiffs (or $79,278.64 pursuant to the DCWPCL, D.C. Code § 32-1303(4)), they in fact owe far more.**

## Jurisdiction and Venue

5.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because one of the two Defendants resides in this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

7.     Plaintiff Yanira Acosta Cruz is an adult resident of the District of Columbia.

8.     Plaintiff Manuel Perez Sanchez is an adult resident of Maryland.

9.     Plaintiff Elfidio Zepeda Bernal is an adult resident of the District of Columbia.

10.    Plaintiff Sebastian Arias Canales is an adult resident of Maryland.

11.     Defendant Smith Commons DC, LLC is a District of Columbia corporate entity. Smith Commons DC, LLC does business as Smith Commons, a restaurant located at 1245 H Street NE, Washington, DC 20002. Smith Commons DC, LLC's resident agent for service of process is Jerome Bailey, 1926 Benning Road NE, Washington, DC 20002.

12.     Defendant Jerome Bailey is an adult resident of Maryland. He resides at 7103 Pomander Lane, Chevy Chase, MD 20815. He is an owner and the managing member of Defendant Smith Commons DC, LLC. Defendant Bailey holds and exercises authority over the operations of Smith Commons DC, LLC — including its pay practices.

## Factual Allegations Specific to Plaintiff Acosta Cruz

13.     Plaintiff Acosta Cruz worked at Smith Commons from approximately March 1, 2014 through approximately September 23, 2016.

14.     Plaintiff Acosta Cruz worked as a kitchen hand.

15.     Plaintiff Acosta Cruz's job duties primarily consisted of cutting vegetables, preparing salads, and cleaning her work station.

16.     Plaintiff Acosta Cruz typically and customarily worked more than 40 hours per workweek.

17.     Plaintiff Acosta Cruz worked a total of approximately 430.23 overtime hours for Defendants.

18.     Plaintiff Acosta Cruz was never paid overtime wages for when she worked more than 40 hours in a workweek.

19.     Plaintiff Acosta Cruz earned her regular hourly rate across all of her hours worked, including when she worked more than 40 hours in a workweek.

20.     Plaintiff Acosta Cruz was paid at the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Mar. 1, 2014 - Jun. 24, 2016 | $11.00 |
| Jun. 25, 2016 - Sept. 23, 2016 | $11.50 |

21. In addition to not earning overtime wages, Plaintiff Acosta Cruz was not paid for some of the time that she worked.

22. Prior to April 2, 2016, Defendants engaged in a practice of rounding down the hours that they paid Plaintiff Acosta Cruz.

23. Plaintiff Acosta Cruz was only paid for the whole hours worked in a given workweek. On a weekly basis, Plaintiff Acosta Cruz's hours were rounded down to the nearest whole hour below the actual time worked.

24. For example, if Plaintiff Acosta Cruz worked 45 hours and 54 minutes in a workweek, she was only paid for 45 hours.

25. On April 2, 2016, Defendants started to pay Plaintiff Acosta Cruz for all of the hours and minutes that she worked.

26. Plaintiff Acosta Cruz was paid nothing for approximately 79.5 hours.

27. At all relevant times, Plaintiff Acosta Cruz was paid biweekly.

28. At all relevant times, Plaintiff Acosta Cruz was paid by check.

29. At all relevant times, Plaintiff Acosta Cruz clocked in and out with a punch clock that measured how many hours and minutes she had worked.

30. Defendants admit that Plaintiff Acosta Cruz is owed $2,131.63 in unpaid overtime wages.

31. However, Defendants owe Plaintiff Acosta Cruz approximately **$3,242.59** in unpaid regular and overtime wages.

32. Moreover, Defendants never provided Plaintiff Acosta Cruz with paid leave, as required by the ASSLA. D.C. Code § 32-131.02.

33.     Defendants should have provided Plaintiff Acosta Cruz with 5.00 days of paid leave in 2015 and 4.33 days of paid leave in 2016, with each day of paid leave equal to eight hours of paid leave.

34.     Plaintiff Acosta Cruz lost wages in 2015 and 2016 because either she or her child were sick.

35.     For Defendants failure to provide paid leave, Defendants owe Plaintiff Acosta Cruz approximately **$838.63** in lost wages and compensatory damages.

### Factual Allegations Specific to Plaintiff Perez Sanchez

36.     During the three years preceding this complaint, Plaintiff Perez Sanchez worked at Smith Commons from approximately August 23, 2014 through approximately June 26, 2015, from approximately September 5, 2015 through approximately November 13, 2015, and from approximately March 5, 2016 through approximately August 19, 2016.

37.     Plaintiff Perez Sanchez worked as a kitchen hand.

38.     Plaintiff Perez Sanchez's job duties primarily consisted of cutting vegetables and meats, cooking entrees, and cleaning his work station.

39.     Plaintiff Perez Sanchez typically and customarily worked more than 40 hours per workweek.

40.     In the three years preceding this complaint, Plaintiff Perez Sanchez worked a total of approximately 175.75 overtime hours.

41.     Plaintiff Perez Sanchez was never paid overtime wages for when he worked more than 40 hours in a workweek.

42.     Plaintiff Perez Sanchez typically earned his regular hourly rate across all of his hours worked, including for when he worked more than 40 hours in a workweek.

43. Plaintiff Perez Sanchez was typically paid at the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Aug. 23, 2014 - Jun. 26, 2015 | $12.00 |
| *Leave of Absence* | |
| Sept. 5, 2015 - Nov. 13, 2015 | $12.00 |
| *Leave of Absence* | |
| Mar. 5, 2016 - Aug. 19, 2016 | $13.00 |

44. During one pay period, Defendants paid Plaintiff Perez Sanchez at two different hourly rates. For each hourly rate, Plaintiff Perez Sanchez received a different paycheck. The pay period's hours were unevenly split between the two checks. The pay period is as follows:

| Pay Period Start | Pay Period End | Hours Paid (1st Check) | Hourly Rate (1st Check) | Hours Paid (2nd Check) | Hourly Rate (2nd Check) |
|---|---|---|---|---|---|
| Jun. 11, 2016 | Jun. 24, 2016 | 85.98 | $13.00 | 90.00 | $13.50 |

45. In addition to not earning overtime wages, Plaintiff Perez Sanchez was not paid for some of the time that he worked.

46. Prior to April 2, 2016, Defendants engaged in a practice of rounding down the hours that they paid Plaintiff Perez Sanchez.

47. Plaintiff Perez Sanchez was only paid for the whole hours worked in a given workweek. On a weekly basis, Plaintiff Perez Sanchez's hours were rounded down to the nearest whole hour below the actual time worked.

48. For example, if Plaintiff Perez Sanchez worked 45 hours and 54 minutes in a workweek, he was only paid for 45 hours.

49. On April 2, 2016, Defendants started to pay Plaintiff Perez Sanchez for all of the hours and minutes that he worked.

50. Plaintiff Perez Sanchez was paid nothing for approximately 43.50 hours.

51. At all relevant times, Plaintiff Perez Sanchez was paid biweekly.

52. At all relevant times, Plaintiff Perez Sanchez was paid by check.

53. At all relevant times, Plaintiff Perez Sanchez clocked in and out with a punch clock that measured how many hours and minutes he had worked.

54. For the three years preceding the filing of this complaint, Defendants admit that Perez Sanchez is owed $1,024.74 in unpaid overtime wages.

55. However, for the three years preceding the filing of this complaint, Defendants owe Plaintiff Perez Sanchez approximately **$2,133.99** in unpaid regular and overtime wages.

56. Moreover, Defendants never provided Plaintiff Perez Sanchez with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

57. Defendants should have provided Plaintiff Perez Sanchez with 3.27 days of paid leave in 2015 and 2.91 days of paid leave in 2016, with each day of paid leave equal to eight hours of paid leave.

58. Plaintiff Perez Sanchez lost wages in 2015 and 2016 because he was sick.

59. For Defendants failure to provide paid leave, Defendants owe Plaintiff Perez Sanchez approximately **$616.67** in lost wages and compensatory damages.

### Factual Allegations Specific to Plaintiff Zepeda Bernal

60. Plaintiff Zepeda Bernal worked at Smith Commons from approximately April 5, 2014 through approximately September 19, 2016.

61. Plaintiff Zepeda Bernal worked as a kitchen hand.

62. Plaintiff Zepeda Bernal's job duties primarily consisted of cutting vegetables and meats, cooking hamburgers, and cleaning his work station.

63. Plaintiff Zepeda Bernal typically and customarily worked more than 40 hours per workweek.

64. Plaintiff Zepeda Bernal worked a total of approximately 813.36 overtime hours.

65. Plaintiff Zepeda Bernal was never paid overtime wages for when he worked more than 40 hours in a workweek.

66. Plaintiff Zepeda Bernal typically earned his regular hourly rate across all of his hours worked, including when he worked more than 40 hours in a workweek.

67. Plaintiff Zepeda Bernal was typically paid at the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Apr. 5, 2014 - Jun. 12, 2015 | $9.00 |
| Jun. 13, 2015 - Apr. 1, 2016 | $9.50 |
| Apr. 2, 2016 - Apr. 15, 2016 | $10.50 |
| Apr. 16, 2016 - Jun. 10, 2016 | $11.00 |
| Jun. 11, 2016 - Sept. 16, 2016 | $12.50 |

68. During five pay periods, Defendants paid Plaintiff Zepeda Bernal at two different hourly rates. For each hourly rate, Plaintiff Zepeda Bernal received a different paycheck. The pay periods' hours were unevenly split between the two checks. The pay periods are as follows:

| Pay Period Start | Pay Period End | Hours Paid (1st Check) | Hourly Rate (1st Check) | Hours Paid (2nd Check) | Hourly Rate (2nd Check) |
|---|---|---|---|---|---|
| Feb. 20, 2016 | Mar. 04, 2016 | 90.00 | $9.50 | 8.00 | $11.00 |
| Mar. 5, 2016 | Mar. 18, 2016 | 95.00 | $9.50 | 23.00 | $11.00 |
| Mar. 19, 2016 | Apr. 1, 2016 | 69.00 | $9.50 | 36.00 | $11.00 |
| Apr. 2, 2016 | Apr. 15, 2016 | 65.76 | $10.50 | 35.43 | $11.00 |
| Jun. 11, 2016 | Jun. 24, 2016 | 95.32 | $11.00 | 90.00 | $12.50 |

69. Plaintiff Zepeda Bernal did not always earn the District of Columbia's minimum wage.

70. From July 1, 2014 through May 29, 2015, Plaintiff Zepeda Bernal earned $9.00 per hour — less than the then-current District of Columbia then minimum wage of $9.50 per hour.

71. From July 1, 2015 through April 1, 2016, Plaintiff Zepeda Bernal earned $9.50 per hour — less than the then-current District of Columbia minimum wage of $10.50 per hour.

72. In addition to not earning minimum and overtime wages, Plaintiff Zepeda Bernal was not paid for some of the time that he worked.

73.     Prior to April 2, 2016, Defendants engaged in a practice of rounding down the hours that they paid Plaintiff Zepeda Bernal.

74.     Plaintiff Zepeda Bernal was only paid for the whole hours worked in a given workweek. On a weekly basis, Plaintiff Zepeda Bernal 's hours were rounded down to the nearest whole hour below the actual time worked.

75.     For example, if Plaintiff Zepeda Bernal worked 45 hours and 54 minutes in a workweek, he was only paid for 45 hours.

76.     On April 2, 2016, Defendants started to pay Plaintiff Zepeda Bernal for all of the hours and minutes that he worked.

77.     Plaintiff Zepeda Bernal was paid nothing for approximately 78 hours.

78.     At all relevant times, Plaintiff Zepeda Bernal was paid biweekly.

79.     At all relevant times, Plaintiff Zepeda Bernal was paid by check.

80.     At all relevant times, Plaintiff Zepeda Bernal clocked in and out with a punch clock that measured how many hours and minutes he had worked.

81.     Defendants admit that Plaintiff Zepeda Bernal is owed $6,049.39 in unpaid minimum and overtime wages.

82.     However, Defendants owe Plaintiff Zepeda Bernal approximately **$7,862.77** in unpaid regular, minimum and overtime wages.

83.     Moreover, Defendants never provided Plaintiff Zepeda Bernal with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

84.     Defendants should have provided Plaintiff Zepeda Bernal with 5.00 days of paid leave in 2015 and 5.00 days of paid leave in 2016, with each day of paid leave equal to eight hours of paid leave.

85. Plaintiff Zepeda Bernal lost wages in 2015 and 2016 because he was sick.

86. For Defendants failure to provide paid leave, Defendants owe Plaintiff Zepeda Bernal approximately **$920.00** in lost wages and compensatory damages.

### Factual Allegations Specific to Plaintiff Arias Canales

87. Plaintiff Arias Canales worked at Smith Commons from approximately 2011 through approximately September 30, 2016.

88. Plaintiff Arias Canales worked as a kitchen hand.

89. Plaintiff Arias Canales' job duties primarily consisted of cooking entrees and cleaning his work station.

90. Plaintiff Arias Canales typically and customarily worked more than 40 hours per workweek.

91. In the three years preceding this complaint, Plaintiff Arias Canales worked a total of approximately 433.82 overtime hours.

92. Plaintiff Arias Canales was never paid overtime wages for when he worked more than 40 hours in a workweek.

93. Plaintiff Arias Canales earned his regular hourly rate across all of his hours worked, including when he worked more than 40 hours in a workweek.

94. Plaintiff Arias Canales was paid at the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Dec. 14, 2013 - Apr. 18, 2014 | $12.50 |
| Apr. 19, 2014 - Sept. 30, 2016 | $13.00 |

95. In addition to not earning overtime wages, Plaintiff Arias Canales was not paid for some of the time that he worked.

96. Prior to April 2, 2016, Defendants engaged in a practice of rounding down the hours that they paid Plaintiff Arias Canales.

97. Plaintiff Arias Canales was only paid for the whole hours worked in a given workweek. On a weekly basis, Plaintiff Arias Canales' hours were rounded down to the nearest whole hour below the actual time worked.

98. For example, if Plaintiff Arias Canales worked 45 hours and 54 minutes in a workweek, he was only paid for 45 hours.

99. On April 2, 2016, Defendants started to pay Plaintiff Arias Canales for all of the hours and minutes that he worked.

100. During the three years preceding this complaint, Plaintiff Arias Canales was paid nothing for approximately 90 hours.

101. At all relevant times, Plaintiff Arias Canales was paid biweekly.

102. At all relevant times, Plaintiff Arias Canales was paid by check.

103. At all relevant times, Plaintiff Arias Canales clocked in and out with a punch clock that measured how many hours and minutes he had worked.

104. For the three years preceding the filing of this complaint, Defendants admit that Plaintiff Arias Canales is owed $2,419.04 in unpaid overtime wages.

105. However, for the three years preceding the filing of this complaint, Defendants owe Plaintiff Arias Canales approximately **$4,012.91** in unpaid regular and overtime wages.

106. Moreover, Defendants never provided Plaintiff Arias Canales with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

107. Defendants should have provided Plaintiff Arias Canales with 5.00 days of paid leave in 2015 and 3.30 days of paid leave in 2016.

108. Plaintiff Arias Canales lost wages in 2015 and 2016 because he was sick.

109. For Defendants failure to provide paid leave, Defendants owe Plaintiff Arias Canales approximately **$896.76** in lost wages and compensatory damages.

### Factual Allegations Common to All Plaintiffs

110. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

111. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

112. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

113. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

114. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular hourly rate for all hours worked in excess of 40 hours in any one workweek.

115. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

116. At all relevant times, Defendants were aware that they were required to provide paid safe and sick leave pursuant to the ASSLA.

117. The District of Columbia minimum wage was $8.25 per hour prior to July 1, 2014, $9.50 per hour from July 1, 2014 through June 30, 2016, $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

118. At all relevant times, Defendants did not provide Plaintiffs with paid leave pursuant to the ASSLA. Plaintiffs were required to work for Defendants, irrespective of whether or not Plaintiffs were sick. If Plaintiffs took time off because of illness or the illness of a family member, they were not paid for that time.

119. At all relevant times, Defendant Bailey had access to Plaintiffs' payroll and time records.

120. At all relevant times, Defendant Bailey had oversight over and authority to control Smith Commons' pay practices.

121. On April 12, 2016, Defendant Smith Commons DC, LLC was sued by a former employee, David Romero, for unpaid overtime wages.

122. On approximately April 18, 2016, Defendant Bailey personally reviewed Smith Common's time and payroll records, records which clearly showed that staff at Smith Commons were not paid minimum and overtime wages.

123. From at least April 18, 2016, Defendant Bailey had personal knowledge that staff at Smith Commons were not paid minimum and overtime wages.

124. Despite the lawsuit, and despite the fact that Defendant Bailey's personal review of Smith Commons' time and payroll records revealed unlawful pay practices, Plaintiffs continued to work overtime hours without earning overtime wages.

125. For example, Plaintiff Zepeda Bernal worked 101.50 hours during the two weeks from August 6, 2016 through August 19, 2016. However, Defendants paid him his regular hourly rate of $12.50 across all hours worked, as illustrated by the following paystub:

| PERSONAL AND CHECK INFORMATION | EARNINGS | | | | | | |
|---|---|---|---|---|---|---|---|
| Elfidio Zepeda Bernal<br>712 Quincy St NW Apt B<br>Washington, DC 20011 | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | | YTD HOURS | YTD ($) |
| | Regular | 101.50 | 12.5000 | 1268.75 | | 1735.48 | 18874.26 |
| | Total Hours | 101.50 | | | | 1735.48 | |
| Soc Sec #: xxx-xx-xxxx  Employee ID: 229 | Gross Earnings | | | 1268.75 | | | 18874.26 |
| Home Department: 10 Dish | Total Hrs Worked | 101.50 | | | | | |
| | WITHHOLDINGS | DESCRIPTION | FILING STATUS | THIS PERIOD ($) | | | YTD ($) |
| Pay Period: 08/06/16 to 08/19/16 | | Social Security | | 78.66 | | | 1170.20 |
| Check Date: 08/26/16  Check #: 100915 | | Medicare | | 18.40 | | | 273.68 |
| NET PAY ALLOCATIONS | | Fed Income Tax | M 2 | 62.84 | | | 624.35 |
| | | DC Income Tax | J 2 | 60.24 | | | 804.14 |
| DESCRIPTION   THIS PERIOD ($)   YTD ($)<br>Check Amount   1048.61   16001.89<br>NET PAY   1048.61   16001.89 | | TOTAL | | 220.14 | | | 2872.37 |

126.    At all relevant times, Defendants had between 25 and 99 employees.

127.    At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

128.    At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

129.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

130.    Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

131.    The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

132.    Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

133.    Defendants' violations of the FLSA were willful.

134.    For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

135.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

136. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

137. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

138. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

139. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

140. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages earned, including regular, minimum, and overtime wages.

141. Defendants' violations of the DCWPCL were willful.

142. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

143. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

144. Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

145. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

146.   Defendants violated the ASSLA by not providing Plaintiffs with the required paid leave.

147.   Defendants willfully violated the ASSLA — and showed a wanton disregard for both the ASSLA and its public policy justifications. When a restaurant requires workers who handle food to be present when they are sick, it endangers the public.

148.   For Defendants' violations of the ASSLA, Defendants are liable to Plaintiffs for $500 in additional damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

149.   For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, on all counts, jointly and severally, in the current total amount of **$132,070.82**, and grant the following relief:

   a.   Award Plaintiffs **$69,009.01**, consisting of the following overlapping elements:

      i.   unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

16

      ii.      unpaid regular, minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs **$40,180.91**, consisting of the following:

      i.      $3,272.07 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii.      $16,908.84 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

      iii.      $20,000.00 in punitive damages, pursuant to the ASSLA, D.C. Code § 32-131.12(e).

c.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

d.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to D.C. Code § 32-1308(b)(1) (as of this date, approximately **$22,480.90**);

e.      Award Plaintiffs court costs (currently, **$400.00**); and

f.      Award any additional relief the Court deems just.

Date: December 30, 2016            Respectfully submitted,

                                          /s/ Justin Zelikovitz, Esq.
                                          Justin Zelikovitz, #986001
                                          DCWageLaw
                                          519 H Street NW
                                          Washington, DC 20001
                                          Phone: (202) 803-6083
                                          Fax: (202) 683-6102
                                          justin@dcwagelaw.com

                                          *Counsel for Plaintiffs*